Filed 12/31/25  York v. Judicial Council of Cal. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SCOTT YORK, | B334623 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV04279) |
| v. | |
| JUDICIAL COUNCIL OF CALIFORNIA et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, H. Jay Ford III, Judge.  Affirmed.

Scott York, in pro. per., for Plaintiff and Appellant.

Cummings, McClorey, Davis, Acho & Associates and Sarah L. Overton for Defendant and Respondent Judicial Council of California.

Office of the General Counsel of the State Bar of California, Ellin Davtyan, Kirsten R. Galler, and Raul G. Duran for Defendant and Respondent the State Bar of California

Plaintiff Scott York (plaintiff) sued various defendants, including the Judicial Council of California (the Judicial Council) and the State Bar of California (the State Bar), for using "directed energy technologies/weapons . . . to control and manipulate [his] thoughts and actions . . . ." We consider whether the trial court properly sustained the Judicial Council and the State Bar's demurrers to the operative complaint (without leave to amend) because plaintiff's causes of action are either time-barred or do not allege compliance with the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.).

## I. BACKGROUND

### A. *The Operative Complaint*

Plaintiff's operative first amended complaint, which runs to 527 pages, alleges 34 causes of action—repeating many of the same factual allegations throughout.[1] The complaint alleges plaintiff's thoughts and actions are subject to manipulation by means of "directed energy technologies/weapons" and defendants including the Judicial Council and the State Bar are either responsible for or "deliberately indifferent" to this conduct.[2]

---

[1] The original complaint is not in the appellate record, but plaintiff indicates it was prepared by counsel and focused on claims relating to a fire at a hotel in which he was living. Plaintiff states he decided to represent himself because he could not find an attorney "who could and would file the lawsuit(s) which present the totality of the circumstances," including the alleged use of directed energy weapons.

[2] The Judicial Council and the State Bar are named as defendants in the first cause of action for conspiracy to interfere

2

Plaintiff alleges he has been subject to such manipulation since at least 2006, but the manipulation was "revealed" to him "during the month of December 2016 through the beginning of 2017."

---

with civil rights under 42 U.S.C. § 1985 (hereafter Section 1985), the second cause of action for fraudulent concealment, the third cause of action for invasion of privacy (intrusion into seclusion), the fourth cause of action for conspiracy to invade privacy, the fifth cause of action for fraud, the sixth cause of action for conspiracy to commit fraud, the seventh cause of action for constructive fraud, the eighth cause of action for stalking (Civ. Code, § 1708.7), the ninth cause of action for conspiracy to stalk, the tenth cause of action for harassment (Code Civ. Proc., § 527.6), the eleventh cause of action for conspiracy to harass, the twelfth cause of action for defamation, the thirteenth cause of action for conspiracy to defame, the fourteenth cause of action for battery, the fifteenth cause of action for conspiracy to commit battery, the sixteenth cause of action for abuse of process, the seventeenth cause of action for conspiracy to commit abuse of process, the eighteenth cause of action for nuisance, the nineteenth cause of action for conspiracy to cause nuisance, the twentieth cause of action for violation of the Bane Act (Civ. Code, § 52.1), the twenty-second cause of action for violation of the Ralph Act (Civ. Code, § 51.7), the twenty-third cause of action for intentional infliction of emotional distress, the twenty-fourth cause of action for conspiracy to intentionally inflict emotional distress, the twenty-fifth cause of action for negligent infliction of emotional distress, the twenty-eighth cause of action for conversion, the twenty-ninth cause of action for conspiracy to commit conversion, the thirtieth cause of action for trespass to chattels, the thirty-first cause of action for conspiracy to commit trespass to chattels, the thirty-second cause of action for false light publicity, the thirty-third cause of action for conspiracy to portray plaintiff in a false light, and the thirty-fourth cause of action for declaratory relief.

Plaintiff alleges this manipulation impacted all aspects of his life, but he highlights several specific episodes. Those involving the Judicial Council and the State Bar include proceedings following plaintiff's arrests around 2006 as well as his experience sitting for the bar exam. According to the operative complaint, plaintiff contacted various agencies concerning the allegations beginning in 2017, but he did not contact the Judicial Council or the State Bar until 2022. Specifically, he sent "cease and desist" letters to the State Bar's general counsel and the former Chief Justice of the California Supreme Court in January 2022 and notices of his claims to the same individuals in June 2022.

### B.    *The Judicial Council and the State Bar's Demurrers*
The Judicial Council and the State Bar demurred to the operative complaint. They argued, among other things, that all but the first cause of action (under Section 1985) were barred by plaintiff's failure to timely present his claims to the agencies as required by the Government Claims Act, that plaintiff failed to allege a statutory basis for liability as required under the Government Claims Act as to most of these causes of action, and that the first cause of action for violation of Section 1985 was time-barred.

The trial court sustained both demurrers without leave to amend. In separate but similar orders, the trial court accepted each of the arguments advanced by the Judicial Council and the State Bar. The court determined plaintiff was required to present his state law claims to the Judicial Council and the State Bar within six months of the alleged revelation of defendants' conduct in 2016 or 2017 and failed to do so before 2022.

4

Alternatively, the court found, those state law causes of action for which public agency liability is not allowed by statute were barred by the Government Claims Act.[3] (Gov. Code, § 815.) The court further found plaintiff's Section 1985 claim was subject to a two-year limitations period and time-barred on its face.

The trial court denied plaintiff leave to amend because plaintiff had not met his burden to identify any additional allegations that would cure the identified defects or support other causes of action. The trial court entered judgments in favor of the Judicial Council and the State Bar in October 2023.

## II. DISCUSSION

Plaintiff's briefs on appeal do not engage with the rationale that led to entry of judgment against him. Much of his opening brief, for instance, is concerned with the trial court's apparent characterization of his allegations as implausible in its ruling on a separate demurrer filed by a defendant not a party to this appeal. He also protests the trial court improperly relied on the state secrets privilege to characterize his allegations as implausible and the court was "working in concert with the government agencies/entities/departments to actively conceal" the use of directed energy weapons. The absence of any coherent argument for reversal of the judgment alone requires affirmance. (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9, fn. 2.) But we shall also briefly explain, in the paragraphs that follow,

---

[3]     This alternative ground for the trial court's order applied to all causes of action except for the first cause of action under Section 1985, the twentieth cause of action under the Bane Act, and the twenty-second cause of action under the Ralph Act.

5

why the reasons that led to sustaining the Judicial Council and the State Bar's demurrers were correct.

### A. Plaintiff Did Not Allege Timely Presentation of His State Law Causes of Action

Public entities are not liable for any injury except as provided by statute.[4] (Gov. Code, § 815; *Cavey v. Tualla* (2021) 69 Cal.App.5th 310, 327.) Subject to enumerated exceptions (Gov. Code, § 905), the Government Claims Act provides that "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239, citing Gov. Code, §§ 911.2, 945.4.) A plaintiff's "failure to allege facts demonstrating or excusing compliance with this claim presentation requirement subjects a complaint to a general demurrer." (*Bodde, supra,* at 1237.)

Government Code section 911.2, subdivision (a) provides that "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented" to the public entity defendant "not later than six months after the accrual of the cause of action."[5] Claims "relating to any other

---

[4] There is no dispute that the Judicial Council and the State Bar are public entities for purposes of the Government Claims Act. (Gov. Code, § 915, subd. (c)(4); see also Cal. Const., art. VI, § 9; *Sander v. State Bar of California* (2013) 58 Cal.4th 300, 304-305.)

[5] A plaintiff who misses the six-month deadline may apply for leave to present the claim "within a reasonable time not to exceed one year after the accrual of the cause of action and shall

6

cause of action shall be presented . . . not later than one year after the accrual of the cause of action."  (Gov. Code, § 911.2, subd. (a).)

To the extent the operative complaint alleges concrete facts supporting the causes of action against the Judicial Council and the State Bar, those causes of action accrued and were known to plaintiff by 2017 at the latest.  The complaint also avers plaintiff did not present his claims to the Judicial Council and the State Bar until 2022.  The trial court therefore properly sustained the Judicial Council and the State Bar's demurrers without leave to amend as to each of plaintiff's state law causes of action—i.e., to all causes of action against the Judicial Council and the State Bar except for the first cause of action under Section 1985.[6] Plaintiff has not proposed any amendment to the complaint that could remedy the deficiency.

### B.    Plaintiff's Federal Law Cause of Action Is Time-Barred

The Government Claims Act's presentation requirement does not apply to plaintiff's cause of action under Section 1985. (*Bodde, supra*, 32 Cal.4th at 1240.)  This cause of action, however, is subject to a two-year statute of limitations.  (Code Civ. Proc., § 335.1 [statute of limitations for personal injury

---

state the reason for the delay in presenting the claim."  (Gov. Code, § 911.4.)

[6]    Because plaintiff's failure to allege compliance with the presentation requirement bars all of his state law causes of action, there is no need to discuss the trial court's alternative holding applicable to a subset of those causes of action.

7

actions]; see also *Taylor v. Regents of the University of California* (9th Cir. 1993) 993 F.2d 710, 711-712 [holding California's statute of limitations applicable to personal injury actions governs claims brought under Section 1985].)  Plaintiff's cause of action accrued no later than 2017, and he did not commence this action until 2022.  Plaintiff's Section 1985 cause of action is therefore time-barred, and his proposed amendment to add a cause of action under 42 U.S.C. section 1983 would suffer from the same defect.  (*Taylor*, *supra*, at 711-712.)

## DISPOSITION

The judgments are affirmed.  The Judicial Council and the State Bar are awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



HOFFSTADT, P. J.



MOOR, J.